**R.K., a minor, by and through his parents, T.K. and C.K., Plaintiff—Appellant,**

v.

**HAYWARD UNIFIED SCHOOL DISTRICT, et al., Defendants— Appellees.**

No. 07–15288.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2007.

Filed Aug. 28, 2007.

Mandy G. Leigh, Esq., Leigh Law Group, San Francisco, CA, for Plaintiff–Appellant.

Kimberly Anne Smith, Esq., Fagen Friedman & Fulfrost, Los Angeles, CA,

Amy Bisson Holloway, Esq., California Department of Education, Complaints Management Unit, Sacramento, CA, Carol L. Healey, Esq., Bishop Barry Howe Haney & Ryder, Emeryville, CA, Barbara Ann E. Caulfield, Gordon & Rees LLP, San Francisco, CA, for Defendants–Appellees.

Before: SILER,* McKEOWN, and BEA, Circuit Judges.

## MEMORANDUM **

R.K., a minor, by and through his parents, T.K. and C.K., appeals the district court's order dismissing, for lack of jurisdiction, his request for a "stay put" order as provided for in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* We affirm.

■ The district court properly dismissed R.K.'s request for failure to exhaust administrative remedies because the record reflects that he made, and then withdrew, his request for a due process hearing. *See Robb v. Bethel Sch. Dist. # 403,* 308 F.3d 1047, 1049–50 (9th Cir. 2002) (affirming dismissal of claims predicated on IDEA where plaintiff failed to exhaust administrative remedies). By dismissing the underlying due process complaint, R.K. placed his stay put request outside the express language of the IDEA. *See* 20 U.S.C. § 1415(j) (providing for a stay put "during *the pendency of any proceedings* conducted pursuant to this section . . .") (emphasis added).

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

■ We find unpersuasive R.K.'s contention that the mediation settlement agreement constituted a proceeding for purposes of section 1415(j) because the relevant time-frame of that agreement had already passed by the time R.K. filed suit in federal court.

We find unpersuasive R.K.'s argument that maintaining his administrative due process complaint would have been futile because he has failed to show that his underlying claims would not be resolved in course of the state administrative process.[1] *See Robb,* 308 F.3d at 1050 ("The dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies.").

R.K.'s remaining contentions lack merit.

**AFFIRMED.**

---

1. Should R.K. reapply for administrative relief and obtain a new stay put order from the Office of Administrative Hearings ("OAH"), as the record suggests he has in fact done, nothing in this memorandum prevents him from seeking injunctive relief from the district court if it appears that the terms of the stay put order will not be enforced.